MILLER, Judge.
Plaintiff Natchitoches Collections, Inc., appeals the dismissal (on an exception of res judicata) of its motion to reopen a garnishment which had been dismissed. We affirm.
Plaintiff filed the garnishment petition on February 24, 1971 causing the Natchi-toches Parish School Board to admit that it employed defendant H. B. Gorum, Jr. and paid him $625.38 per month. Testimony taken on March 12, 1971 revealed that defendant was a bus driver and that his bus operating expenses consumed all but $254.-00 per month. It was held that this did not exceed the exemption. On March 30, 1971, judgment was signed recalling and can-celling the garnishment under the writ of fieri facias. There has been no appeal and that judgment is final.
On July 12, 1971 plaintiff filed this motion in the same proceeding seeking to reopen the question of garnishment of defendant’s disposable earnings. It was alleged that defendant received a pay raise effective July 1, 1971 and that Act 242 of 1970 amending LSA-R.S. 13:3881 (1) does not apply to a garnishment under a judgment based on a debt contracted prior to the effective date of that act.
The exception of res judicata was properly sustained because of the finality of the judgment dismissing, recalling and can-celling the garnishment under the writ of fieri facias previously issued.
*85 Plaintiff argues that under LSA-R.S. 13:3923 the trial court retains jurisdiction and may reopen the case upon motion of any concerned party for evidence affecting the proper continuance of such judgment and may amend or set aside its judgment at any time in its discretion. This argument overlooks the fact that the provision in section 3923 (which dispenses with the filing of additional writs of garnishment) applies “in such cases” provided for in section 3922 where there has been “a judgment affecting the non-exempt portion” of the wages. The March 30, 1971 judgment did not affect the nonexempt portion of defendant’s wages. Instead it specifically terminated the garnishment.
The trial court’s judgment is affirmed. Costs are assessed to plaintiff appellant.
Affirmed.